IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-CR-00240-RJC-DSC

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TERRELL DEVON FREEMAN (4) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the United States to correct an error in the record pursuant to Federal Rule of Criminal Procedure 36 and to enter an order of forfeiture, (Doc. No. 114), to which the defendant has not objected.

The indictment contains a forfeiture allegation for proceeds of the offense, (Doc. No. 3 at 12), and the defendant agreed to forfeit assets seized during the investigation, (Doc. No. 54: Plea Agreement at 3). During the oral pronouncement of the sentence, the Court inadvertently referred to a consent order of forfeiture, which does not exist in this case. (Doc. No. 112: Sent. Hr'g Tr. at 33). The Judgment generally orders forfeiture of the defendant's interest in any property identified by the government. (Doc. No. 105 at 7). Accordingly, the Court finds good cause to correct the record by entering an order of forfeiture specifying the property at issue.

**IT IS, THEREFORE, ORDERED** that:

1. Based upon the defendant's plea of guilty and stipulated Factual Basis, the United States is authorized to seize the following property belonging to the defendant, and it is hereby forfeited to the United States for disposition according to

law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

> Approximately $5,000 in U.S. Currency seized on or about April 4, 2021, during the investigation; and
>
> One 10KW Gold Pave diamond bracelet seized on or about April 4, 2021, during the investigation.

2. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of third-party interests, if any, this Court will enter a final Order of Forfeiture pursuant to 21 U.S.C.§ 853(n) and Fed. R. Crim. P. 32(c)(2).

4. If no third party files a timely claim, this Order of forfeiture shall become Final and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

The Clerk is directed to certify copies of this order to the defendant, the United States Attorney, the United States Probation Office, and the United States Marshals Service.

Signed: December 21, 2022

Robert J. Conrad, Jr.
United States District Judge